## MATTER OF CHEUNG

### In Deportation Proceedings

### A-15901019

*Decided by Board June 23, 1966*

Motion to reopen deportation proceedings to permit application for classification as a refugee under the proviso to section 203(a)(7), Immigration and Nationality Act, as amended by P.L. 89-236, and for adjustment of status pursuant to section 245 of the Act, is denied since a record of permanent residence as a refugee under section 203(a)(7) can be created only in accordance with the procedures established for section 245 and respondent, a crewman, is statutorily ineligible for the benefits of section 245.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant crewman—Remained longer than permitted.

Respondent, a 36-year-old married male, native and citizen of China, admitted on August 27, 1963 as a nonimmigrant crewman, has remained longer than authorized. On January 27, 1964 he was found deportable on the ground stated in the caption and granted voluntary departure. On March 11, 1966, after the time granted to him for departure had expired, respondent submitted a motion to the special inquiry officer to reopen proceedings. Appeal from the special inquiry officer's denial (March 15, 1966) is now before us.

The respondent sought reopening of proceedings so that he could establish that he was a refugee under section 203(a)(7) of the Act. Submitted with the motion was an application for classification as a refugee and an application for status as a permanent resident under section 245 of the Act. In denying the application, the special inquiry officer ruled that a record of permanent residence as a refugee could be created under section 203(a)(7) of the Act only under the procedures established for section 245 of the Act, that section 245 of the Act makes a seaman ineligible for adjustment of status, and that the respondent, therefore, cannot receive an adjustment as a refugee. Counsel's contention is that a refugee in the United

States should be permitted to adjust his status under section 203(a) (7) of the Act without regard to the qualifications set up for an applicant under section 245 of the Act.

We are bound by the regulation. It requires an applicant for refugee status to meet the requirements of 8 CFR 245 (see *Tai Mui* v. *Esperdy*, U.S.D.C., S.D.N.Y., 66 Civ. 316, May 4, 1966, appeal noted). Respondent is not eligible under section 245 of the Act. The appeal must be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.